IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             No. 1:11-cr-10007-JDB-1

MARK BURNS,

    Defendant.

___

ORDER DENYING DEFENDANT RELIEF UNDER THE FIRST STEP ACT OF 2018
___

    A one-count criminal information was filed against the Defendant on February 16, 2011, charging him with conspiracy to possess with intent to distribute and distribution of marijuana. (Docket Entry ("D.E.") 2.) Pursuant to a guilty plea, he was sentenced on September 14, 2011, to a total of 120 months' incarceration, to be followed by four years of supervised release. (D.E. 27.) He is currently confined in Bureau of Prisons custody.

    "Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

    The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June

25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590).  While the law made certain previous statutory changes retroactive, its scope was a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010."  § 404(a)-(b), 132 Stat. at 5222.  Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses.  *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal filed* (6th Cir. June 13, 2019) (No. 19-5635).  Accordingly, the FSA "permits the retroactive reduction of certain drug trafficking sentences, but applies only to those convicted of crack cocaine offenses."  *Id.* at 809 (quoting *United States v. Jones*, No. 3:94-CR-00090, 2019 WL 1586814, at *1 (M.D. Tenn. Apr. 12, 2019)); *see United States v. Wiseman*, ___ F.3d ___, 2019 WL 3367615, at *3 (6th Cir. July 26, 2019) ("Section 404 of the Act makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010.").  As Defendant was convicted for a marijuana, rather than a crack cocaine, offense, he is ineligible for relief under the FSA.

IT IS SO ORDERED this 16th day of August 2019.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE